IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

## CLERK'S MINUTES

*Before the Honorable Paul J. Kelly, Jr.*

**Case No.:** 1:18-cv-00861-PK-SCY **Date:** April 25, 2019

**Title:** Begay-Platero v. Gallup McKinley Schools

**Courtroom Clerk:** Robert Tepper **Court Reporter:** Julie Goehl

**Court in Session:** 10:37 am **Court in Recess:** 11:55 am

TOTAL TIME IN COURT = 1 hour, 18 minutes

| | |
|---|---|
| **TYPE OF PROCEEDING:** | Status Conference and Preliminary Injunction Hearing |
| **COURT'S RULINGS AND/OR DISPOSITION:** | Court takes preliminary injunction request under advisement. |
| **ORDER CONSISTENT WITH COURT'S RULING TO BE PREPARED BY:** | NA |
| **INTERPRETER:** | |

**ATTORNEY(S) FOR PLAINTIFFS:**  **ATTORNEY(S) FOR DEFENDANT:**

David Jordan                                                    Andrew Sanchez


**PROCEEDINGS:**

10:37 am    Court in session.   Appearances.

Mr. Jordan and Mr. Sanchez update court on status of case.   There has been a complaint, answer, motion to dismiss, and a preliminary injunction request.

10:40 am    Mr. Sanchez indicates that discovery has been stayed.

10:40 am    Mr. Jordan addresses court.   He argues that the charter school (Middle College HS) is in the same school district and has the same board as Gallup McKinley district, yet Middle College HS students are excluded from dances.   Other schools' students are allowed and not a security risk.   The arrangement violates

|  |  |
|---|---|
|  | equal protection; no rational basis exists for the classification; it is an arbitrary and capricious exercise of discretion.   This is a removal case; both federal and state constitutions are cited; same standard for both.   Acknowledged that dances are not NMAA sanctioned. |
| 10:45 am | Mr. Sanchez addresses court.   He argues that the plaintiffs do not address preliminary injunction standard; granting a preliminary injunction would provide the plaintiffs with all the relief they would get after a trial should they prevail; there should a briefing schedule on the request for a preliminary injunction to ensure discussion of all the elements required for such relief.   The Middle College HS students are not students of district; charter schools must operate stand-alone; the district is merely the chartering authority.   The finances and governing authority of charters are different.   The district does not have a relationship with students. |
|  | Insofar as extra-curriculars, the legislature has provided if the charter doesn't have an activity, it can participate in what is sanctioned by NMAA.   Charter students are not students of the school district; there is a rational basis for the exclusion of non-students: student safety.   The district can discipline its students and exert supervisory control, just as charter do vis-à-vis their students. |
|  | For equal protection purposes, charter and district students are dissimilar.   Charter students have access to NMAA-sanctioned sports of district, but they don't become district students; the district superintendent decided that non-district students can't attend the non-NMMA activities. |
| 10:55 am | Argument continues.   Mr. Sanchez indicates that the challenged policy is the result of the Aztec school shooting; plaintiffs have no likelihood of success on the merits because a rational basis exists for the classification and the public interest favors the defendant school district. |
| 10:55 am | Mr. Jordan responds; disagrees that charters are not part of the district; once school district provides extra-curricular activities, must do it equally.   In reality, the district runs the charter; state funding for the charter goes through the Gallup McKinley school district and the charter answers to the Board. |
| 11:00 am | Evidentiary hearing begins.   Plaintiffs call Charlene Begay-Platero.   Witness sworn.   Direct by Mr. Jordan. |
| 11:10 am | Mr. Sanchez cross-examines Charlene Begay-Platero. |
| 11:15 am | Defendant calls Michael Hyatt, superintendent of Gallup-McKinley schools.   Witness sworn.   Direct by Mr. Sanchez. |

2

|  |  |
|---|---|
|  | Defendant provides witness a copy of ECF No. 10-1 (Defendant's Ex. 1 in the motion to dismiss) for his testimony. |
| 11:30 am | Cross-examination of witness Michael Hyatt by Mr. Jordan. |
| 11:40 am | Redirect of witness Michael Hyatt by Mr. Sanchez. |
| 11:42 am | Defendant calls Ben Chavez, athletic director, security coordinator, and disciplinarian for Gallup McKinley schools. Direct by Mr. Sanchez. |
| 11:47 am | Cross examination of witness Ben Chavez by Mr. Jordan. |
| 11:50 am | Redirect of witness Ben Chavez by Mr. Sanchez. |
| 11:55 am | Evidentiary hearing on request for preliminary injunction concludes. Court takes matter under advisement. Court in recess. |