# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

SHARLENE BEGAY-PLATERO and
JOHN PLATERO, JR.,

    Plaintiffs,

v.

GALLUP MCKINLEY COUNTY
SCHOOL DISTRICT,

    Defendant.

No. 18-cv-00861-PJK-SCY

# ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the court on Defendant Gallup McKinley County School District's Motion to Dismiss filed October 8, 2018. ECF No. 9. Upon consideration thereof, the motion is well taken and should be granted.

## Background

Plaintiffs brought this action on behalf of their child, who is a student at Middle College High School (MCHS), a charter school in Gallup, New Mexico, against the Gallup McKinley County School District ("School District"). Pl.'s Resp. to Mot. to Dismiss 3–4 (ECF No. 12); see generally Compl. (ECF No. 1-1). According to the Complaint, School District Superintendent Mike Hyatt imposed new School District

safety regulations, effective July 1, 2018, which directed that all "dances or like events" be restricted to students from the nine high schools of the School District's "regular" school system. Compl. ¶¶ 3, 6–7; see also E-mail from Mike Hyatt, Superintendent, Gallup McKinley Sch. Dist., to ALLPrincipalsDistLis@gmcs.k12.nm.us (Apr. 20, 2018) (ECF No. 10-1).[1] The directive was one of four new or modified rules meant to "increase . . . safety and protocols," which included active shooter training and an enforceable dress code to ensure easy identification of intruders. E-Mail from Michael Hyatt 1–2. Superintendent Hyatt also notified the School District of other safety measures under consideration, such as the construction of fences to limit physical access to school grounds and the installation of "video doorbell systems" that require visitors to "buzz" in during school hours. Id. at 2.

Plaintiffs assert that MCHS students are a part of the School District, that they present no unique safety risk, and that their exclusion from Superintendent Hyatt's list of "regular" schools constituted specific and intentional discrimination that had no rational basis. Compl. ¶¶ 8–9. Because, Plaintiffs assert, MCHS is a publicly funded school within the School District, MCHS students and "regular" school students are similarly situated, and MCHS students have been "singled out and intentionally discriminated against." Id. at ¶¶ 8, 10. They thus allege their exclusion violates the Equal Protection Clauses of both the New Mexico and United States Constitutions. Id. at ¶¶ 3, 10.

---

[1] Because the Complaint incorporates it by reference, this court considers for the purpose of deciding this motion Superintendent Hyatt's email announcing the new policy. See Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010).

Plaintiffs assert the School District policy caused them injury, and they requested a preliminary and permanent injunction prohibiting its enforcement. Id. at 3 & ¶ 11.

On October 8, 2018, the School District moved to dismiss the Complaint pursuant to Fed. R. Civ P. 12(b)(1) and 12(b)(6). ECF No. 9. This court held an evidentiary hearing on April 25, 2019 and heard argument as to Plaintiffs' requested preliminary injunction. It denied Plaintiffs' request on May 7, 2019 and asked the assigned magistrate judge to hold a status conference. Begay-Platero v. Gallup McKinley Cty. Sch. Dist., No. 18-CV-00861-PJK-SCY, 2019 WL 2008888 (D.N.M. May 7, 2019). On May 16, 2019, the magistrate judge advised that the stay on discovery (ECF No. 18) should be continued and the motion to dismiss should be resolved. See ECF No. 24.

## Discussion

The School District moves to dismiss for both lack of federal subject matter jurisdiction and failure to state a claim. Although Plaintiffs adequately plead facts giving rise to federal subject matter jurisdiction, they ultimately fail to state a claim upon which relief can be granted.

**A.     This Court Has Federal Subject Matter Jurisdiction Over Plaintiffs' Claims**

This court must have federal subject matter jurisdiction to hear the merits of a case. Fed. R. Civ. P. 12(b)(1). The School District argues that the Plaintiffs have not suffered an injury-in-fact under federal law and therefore have no standing. It first argues that Plaintiffs do not have a fundamental constitutional right to either a public education or public extracurricular activities. Def.'s Mot. to Dismiss 8. Relatedly, the School

District argues that because Plaintiffs have no constitutional right to extracurricular activities, they have failed to establish a "concrete and particularized" and "actual or imminent injury." Mot. to Dismiss 17 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)). The School District is correct that access to a public education and ancillary benefits is not a fundamental constitutional right. See San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 36–37 (1973). But the failure to establish a fundamental right implicates the standard of review of the state action; it does not eliminate jurisdiction. See Cohon ex rel. Bass v. New Mexico Dep't of Health, 646 F.3d 717, 730 (10th Cir. 2011) (noting state action is reviewed for rational basis when neither a suspect class nor a fundamental right is implicated).

Regardless of whether state action infringes upon a fundamental right, the Equal Protection Clause guarantees that "those who 'appear similarly situated' are not treated differently without, at the very least, 'a rational reason for the difference.'" SECSYS, LLC v. Vigil, 666 F.3d 678, 684 (10th Cir. 2012) (quoting Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 602 (2008)). This is the essence of the Plaintiffs' claim. See Pls.' Resp. to Def.'s Mot to Dismiss 5 ("The point of this lawsuit is that Defendant allows students from many high schools to attend all District events. Defendant arbitrarily and capriciously excludes MCHS students, an action which the constitution forbids."). Whether a plaintiff has set forth facts supporting either wholly arbitrary action or sufficient similarity among disparately treated individuals is a question best assessed

under Fed. R. Civ. P. 12(b)(6). Suffice it to say, this court retains subject matter jurisdiction over this case.[2]

## B. Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted

This court may also dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This court must, when reviewing a motion to dismiss pursuant to Rule 12(b)(6), accept as true all factual allegations in the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007). Any legal conclusions contained in the complaint are irrelevant to whether the plaintiff has stated a claim for relief. Kan. Penn Gaming, LLC v. Collins, 565 F.3d 1210, 1214 (10th Cir. 2011).

The Equal Protection Clause of the Fourteenth Amendment prohibits any state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Similarly, Article II, § 18 of the New Mexico Constitution ensures that "[n]o person shall . . . be denied equal protection of the laws."[3] N.M. Const. art. II, § 18. Both Equal Protection Clauses thus ensure that "all persons similarly

---

[2] The same facts give rise to Plaintiffs' state and federal law claims and form the "same case or controversy" such that this court also exercises supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367(a).

[3] The New Mexico Supreme Court has noted that it "take[s] guidance from the Equal Protection Clause of the United States Constitution and the federal courts' interpretation of it." Breen v. Carlsbad Mun. Sch., 120 P.3d 413, 418 (N.M. 2005). However, it "nonetheless interpret[s] the New Mexico Constitution's Equal Protection Clause independently when appropriate," such as its determination of the applicable level of scrutiny. Id. at 418–19. As recognized by the parties, however, rational basis review applies; the standard does not differ in this case. See id. at 418.

5

circumstanced shall be treated alike." Plyler v. Doe, 547 U.S. 202, 216 (1982) (internal quotation marks omitted) (interpreting the Equal Protection Clause of the United States Constitution); see also Madrid v. St. Joseph Hosp., 928 P.2d 250, 261 (N.M. 1996) ("The equal protection clauses found in the United States and New Mexico Constitutions prohibit the government from creating statutory classifications that are unreasonable, unrelated to a legitimate statutory purpose, or are not based on real differences."). Of particular concern is legislation that either distinguishes persons of a vulnerable, disadvantaged, or "suspect" class, or infringes upon a fundamental constitutional right. Id. at 216–17; see also Trujillo v. City of Albuquerque, 965 P.2d 305, 310 (N.M. 1998). Upon such a showing, the state must defend its action by showing "its classification has been precisely tailored to serve a compelling governmental interest." Phyler, 547 U.S. at 217. This is not to say that states may never, in their discretion, classify persons as different and thus subject to disparate treatment under the law. Id. at 216–17. Rather, absent either suspect classification or infringement upon fundamental constitutional rights, courts must reject an equal protection challenge "if there is any *reasonably conceivable* state of facts that could provide a rational basis for the classification." F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 314 (1993) (emphasis added). This standard is "highly deferential" to the state, and the classification is entitled to a "strong presumption of validity" under rational basis review. City of Herriman v. Bell, 590 F.3d 1176, 1194 (10th Cir. 2010).

Plaintiffs do not allege their child and other students at MCHS are members of a suspect class, or, as discussed *infra*, that the School District's policy affected

fundamental constitutional rights. Indeed, they ask this court to find "[t]he exclusion has no rational basis." Compl. ¶ 9. Therefore, the central question is whether there exists a reasonably conceivable state of facts that could provide a rational basis for the School District's decision to include only the high schools within its "regular" school system in its new policy.

Plaintiffs allege MCHS is as much a part of the School District as the nine enumerated schools, and its exclusion from that list demonstrates its students were intentionally and unfairly "singled out." Compl. ¶¶ 3, 7–8. Absent from Plaintiffs' complaint is any indication that MCHS is at all different from the "regular" schools. As was made clear at the hearing on the preliminary injunction request, there is no dispute that MCHS is a charter school. Moreover, the court takes judicial notice of this fact. See Gee v. Pacheco, 627 F.3d 1178, 1186–87 (10th Cir. 2010); School Directory, N.M. Pub. Educ. Dep't, https://webnew.ped.state.nm.us/bureaus/constituent-services/school-directory/ (last updated Feb. 22, 2019). Although charter schools are classified as public schools and receive public funding, New Mexico law classifies them differently from other public schools. Importantly, charter schools manage their own operations and budget, and they are governed not by the local school district, but by a governing body as set forth in their charter contracts. N.M. Stat. Ann. § 22-8B-4(B)–(C). In addition, New Mexico law requires local school districts to allow charter students grades seven through twelve to participate in activities sanctioned by the New Mexico Activities Association, such as athletic and academic competitions, but which don't include school dances or like events. N.M. Stat. Ann. §§ 22-8-23.6, 22-8C-8(A) & 22-13-25; see also Begay-Platero,

7

2019 WL 2008888, at *2 (discussing the treatment of charter schools under New Mexico state law).

Accordingly, Plaintiffs' blanket statement that MCHS students are "similarly situated" does not provide the basis for a plausible claim at the pleading stage, even taking as true the Complaint's statement that MCHS students "are a part of the Defendant's district." Compl. ¶ 8. Plaintiffs do not challenge — let alone even mention — the New Mexico legislature's different treatment of charter school students. Nor do they challenge the School District's long-recognized legitimate interest in maintaining safe campuses. See Butler v. Rio Rancho Pub. Sch. Bd. of Educ., 341 F.3d 1197, 1201 (10th Cir. 2003) (recognizing safety on public school campuses as a legitimate state interest). Instead, their Complaint sidesteps all differences and attempts to persuade this court of the School District's arbitrary line-drawing.

The School District drew from already-existing statutory differences between its own students and MCHS students when it enacted its new safety policy. It may very well be that MCHS students do not "uniquely present a 'safety' risk," Compl. ¶ 9, nor that the School District's policy is the most effective means of ensuring safety at its dances or like events. However, New Mexico law draws a clear distinction between charter schools and other public schools, most notably that charter schools shall oversee their own operations. It is therefore reasonably conceivable that the School District's exclusion not just of MCHS students, but students from any school other than its nine "regular" schools, was rationally related to its promotion of safety at dances and like events on its campuses.

NOW, THEREFORE, IT IS ORDERED that Defendant Gallup McKinley County School District's Motion to Dismiss (ECF No. 9) filed October 8, 2018, is granted and the complaint and action are dismissed with prejudice.[4]

DATED this 3rd day of June 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

David R. Jordan, The Law Offices of David R. Jordan, P.C., Gallup, New Mexico, for Plaintiffs.

Andrew M. Sanchez and Carlos J. Padilla, Cuddy & McCarthy, LLP, Albuquerque, New Mexico, for Defendant.

---

[4] Plaintiffs request leave to amend, but only to clarify that they bring this action on behalf of their son. Pls.' Resp. to Defs.' Mot. to Dismiss 4. Such amendment would offer no additional facts to support a plausible equal protection claim and would thus be futile. See Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239–40 (10th Cir. 2001).